EX PARTE HOUSTON THOMPSON.

*No. 230.    Original Application for Habeas Corpus.    Decided June 17.*

**Habeas Corpus—Refusal by County Judge to Hire Out Convict.**
A party legally imprisoned under a judgment assessing against him a pecuniary
fine, which judgment has not in any manner been satisfied, is not entitled to a
writ of habeas corpus to compel the county judge to hire him out for the pur-
pose of paying his fine.

THIS proceeding was an original application addressed to and filed June
10, 1893, in the Court of Criminal Appeals for a writ of habeas corpus.

The application alleged, that the relator had been legally and duly
tried in the District Court of Johnson County, upon an indictment charg-
ing him with seduction; had been convicted, and his punishment assessed
June 1, 1893, by the judgment at a pecuniary fine of $200 and costs, and
ordered into the custody of the sheriff until said fine and costs were paid.
That he was imprisoned by the sheriff in the county jail for the nonpay-
ment of said fine and costs. That he had made affidavit on June 5 of his
inability to pay the same, and applied to the county judge to cause him
to be hired out or put to manual labor until the fine and costs were paid,
which the county judge refused to do. That he is without means to pay
said judgment, and that he can obtain no credit on the same for any time
he may so remain in imprisonment, and that such being the case, the term
of his imprisonment will be without limit, and that such imprisonment is
"cruel and unusual and in contravention of the Constitution." He
prayed the court to discharge him; or in case that could not be done,
that the court would clearly define the extent and duration of his im-
prisonment in satisfaction of said judgment.

No briefs have come to the hands of the Reporter.

DAVIDSON, JUDGE.—Appellant was convicted of seduction, and fined
in the sum of $200. The conviction occurred on June 1, 1893. His ap-
plication to the county judge to be hired out as a county convict having
been refused, he appeals to this court to be released from imprisonment
under the writ of habeas corpus. His application shows by its averments
that he is legally restrained of his liberty by virtue of the judgment of
the District Court of Johnson County. The judgment has not been sat-
isfied in any manner, and the writ of habeas corpus does not lie as a means
of forcing the county judge to hire him out for the purpose of paying his
fine. When he has remained in custody a sufficient length of time, under
the law, to satisfy the amount of the judgment, the writ of habeas corpus
will lie for the purpose of inquiring into his further detention. Whether
the conviction was for felony or not, the punishment assessed is only a

pecuniary fine, and his detention can not be prolonged indefinitely. He has only been confined since June 1. Code Crim. Proc., arts. 807, 813–816. Because the petition shows that appellant is legally held in custody, the application for the writ of habeas corpus is refused.

*Application refused.*

Judges all present and concurring.